# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**SHARON HENDRIX,**

    Plaintiff,

vs.

    Case No.: _____

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**

    Defendant.

---

## COMPLAINT

---

COMES NOW Plaintiff, Sharon Hendrix (hereinafter "**Plaintiff**" or "**Ms. Hendrix**"), by and through her attorneys, and for her Complaint against Defendant **Hartford Life and Accident Insurance Company (hereinafter "Defendant" or "Hartford"),** states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of the Group Long Term Disability Plan for Employees of St. Jude Research Hospital (**Plan No.: LTD-502**) /and corresponding Hartford insurance policy (**Policy No.: GLT-395118**) (hereinafter the "**Plan**" and the "**Policy**," respectively); which was (and is) underwritten, administered, and/or managed by Hartford for the benefit of certain employees of St. Jude Children's Research Hospital (Memphis) (hereinafter "**St. Jude**"). In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction

over actions that arise under the laws of the United States ("federal question jurisdiction").

2.  The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, i.e., administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Hartford Insured ID: 9006234668/Claim Event ID (*a/k/a* Claim No.): 17669154**.

3.  Venue is proper in the Western District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4.  Ms. Hendrix now lives in Oxford, Mississippi.

5.  At all times relevant hereto, Ms. Hendrix was an "employee" of St. Jude, that being her "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). However, due to her established disability, she last worked at St. Jude on or about July 29, 2022.

6.  At all times relevant hereto, St. Jude or an associated entity (Trustees of the Children's Hospital Association and Affiliated Organizations Trust (*a/k/a* Cha Trust) or otherwise) was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21); as well as the Policy Holder for the Hartford Policy.

7.  At all times relevant hereto, Defendant was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan/Policy; alternatively, or in addition, Defendant was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record that Defendant was/is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is

alleged that Defendant has a financial conflict of interest/bias that may impact the standard of review used by the Court.

8.  At all times relevant hereto, Defendant acted as agent for the Plan and for Plan Sponsor/Plan Administrator/Policyholder St. Jude or a related/affiliated entity.

9.  Under the Plan/Policy, St. Jude or a related/affiliated entity delegated or assigned to Defendant the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits -- long-term disability ("LTD") benefits -- if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12. The Policy defines "Disability" or "Disabled" as follows:

**Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:
  1) Your Occupation during the Elimination Period;
  2) Your Occupation, for the 24 months following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and
  3) after that, Any Occupation.

Your Disability must result from:
  1) accidental bodily injury;
  2) sickness;
  3) Mental Illness;

      4) Substance Abuse; or

      5) pregnancy.

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Ms. Hendrix' date of birth is in June, 1956.

15. Ms. Hendrix worked for St. Jude as Vice President (VP) -- Controller. In that role, she was responsible for assisting the CFO in managing and guiding St. Jude's financial affairs.

16. Owing to her established medical disability, as stated, Ms. Hendrix' last day of work was on or about July 29, 2022.

17. The medical conditions that form the basis for Plaintiff's disability include, without limitation: pancreatic duct adenocarcinoma (pancreatic cancer), pseudocirrhosis, obstruction of bile duct, diabetes mellitus, high blood pressure and high cholesterol. In fact (and unfortunately), Plaintiff had a recurrence of cancer after the initial denial/termination of benefits here.

18. Being that she could no longer perform her work for Employer, and based on her employment there, Ms. Hendrix was eligible for, applied for, and received LTD benefits under the Plan/Policy through Hartford. Hartford initially approved Ms. Hendrix' claim for LTD benefits and paid such benefits from approximately March 2, 2023 through March 21, 2024.

19. Ms. Hendrix was notified that Hartford would no longer be paying LTD benefits via letter dated March 26, 2024.

20. Despite due appeal(s) by or on behalf of Plaintiff, Hartford has continued to deny LTD benefits. The final denial letter was dated December 16, 2024.

21. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

22. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering LTD benefits under the Plan/Policy for the losses claimed herein.

23. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the LTD aspect(s) of the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical providers, who have confirmed her continuing inability to work.

24. Under any ERISA standard of review that may apply, the position taken by Hartford in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by Hartford were wrong, as well as arbitrary and capricious, under the circumstances presented.[1]

25. Further, Hartford's denial of benefits here must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

26. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, she is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same.

---

[1] Beyond this, Plaintiff respectfully reserves all points and arguments regarding the standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

27.     Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the cause(s) of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

28.     Plaintiff realleges and reavers paragraphs 1 through 27 of the Complaint, incorporating them by reference herein as if specifically restated.

29.     Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq.*, in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A.      That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant

surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof; this specifically includes, without limitation, benefits once the Plan/Policy definition of Disabled/Disability changed to the "Any Occupation" definition (*due to have occurred, without more, in early March, 2025);

      B.     That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff all LTD benefits to which she is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; as well ERISA law; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy; this specifically includes, without limitation, benefits under the "Any Occupation" definition of Disabled/Disability (*due to have applied, without more, as of early March, 2025);

      C.     That the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

      D.     That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of,

---

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer-sponsored pension or retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded;

E.     That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that the Defendant or its designee render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that her benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

F.     That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

G.     Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise to amend/supplement this lawsuit and the Prayer for Relief based on additional fact/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this 1st day of May, 2025.

---

[3] *See, Curtis v. Hartford Life & Accident Ins. Co*., 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.

**CODY ALLISON & ASSOCIATES, PLLC**

/s/ *Samuel D. Payne*
K. Cody Allison, BPR No. 020623
Samuel D. Payne, BPR No. 019211
Andrew M. Hickman, BPR No. 037331
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
drew@codyallison.com
*Attorneys for Plaintiff*